REPUBLIC OF HAWAII *v.* W. KUHIA (k) and
MUOLO (w).

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED SEPTEMBER 21, 1896.     DECIDED SEPTEMBER 29, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

The testimony of a clergyman that he was authorized to solemnize
   the marriage contract, and that he married to another person one
   of the parties charged with adultery, is admissible and competent
   evidence.

OPINION OF THE COURT BY JUDD, C. J.

The defendants were charged with adultery, the said W.
Kuhia being a married man. · Rev. H. H. Parker was called
for the prosecution and testified that he was a minister and
married W. Kuhia and Emily Kohala, in January, 1894, in
Honolulu. That he keeps a record of marriages and that he was
licensed to perform the marriage ceremony.

The defendants' counsel moved the district magistrate to
strike out the testimony of Mr. Parker on the ground that it
did not appear that he was authorized to solemnize the mar-
riage ceremony, no record of such authorization being offered
in evidence, and no excuse being offered for not offering the
same. This the court refused. Defendants' counsel also
asked the court to require Mr. Parker to produce his record
of the marriage in question in order that defendants might
thereby impeach Mr. Parker's testimony. This was also re-
fused. The court found the defendants guilty and imposed

the sentence; whereupon the defendants appealed to this court on the points of law as above stated.

In 2 Greenleaf's Ev., Sec. 461, the author says that direct proof of marriage is required upon indictments for polygamy and adultery and in actions for criminal conversation. "Other direct proof is made either by the testimony of a witness present at the celebration, or of the parties themselves, where they are competent."

It appears that seldom the testimony of the celebrant can be procured and so the authorities say that the "celebration is generally proved by the record thereof or by the witnesses present. The latter is considered stronger evidence, but it is not necessary under the rule for the best evidence to produce the record or the celebrant, unless perhaps the other evidence is purely circumstantial." 14 Am. & Eng. Encyc. of Law, p. 523 and cases cited. "The record is a memorandum of the compact, not the compact itself." *Woods v. Woods,* 2 Curt. Ecc. 516, 522, cited in 2 Bishop on Marriage & Divorce, Sec. 271.

The celebrant is certainly a witness to the ceremony and we can conceive of no better evidence than his. The court did right in refusing to strike out the testimony.

As regards the want of production of the authorization to solemnize marriages. We think it was not necessary to produce it. The principle is that the presumption exists that a person exercising an official function has the requisite authority to exercise it. 1 Greenleaf, Sec. 92, expresses the principle as follows: "All who are proved to have acted as such are presumed to have been duly appointed to the office, until the contrary appears." *Doe v. Young,* 8 Ad. & Ellis, N. S. 62; *Plymouth v. Painter,* 17 Conn. 585; *State v. Abbey,* 29 Vt. 60. See *Gov. v. Oishi et al.,* 9 Haw. 641.

It was within the discretion of the magistrate to suspend the trial and order the witness called for the prosecution to produce his record, but it was not obligatory upon him to do so, for

it was competent for the defendant to produce the record in court by a subpoena *duces tecum* addressed to the celebrant.

The points of law are overruled, and the appeal is dismissed.

*Dep. Atty. Gen'l E. P. Dole,* for prosecution.

*A. S. Humphreys,* for defendants.